[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO UNSEAL EXHIBITS FOR APPEAL
I.
Anthony Sinchak, after a jury trial, was found guilty April 21, 1995, of murder (53a-54a) and two counts of kidnaping in the first degree (53a-92 (a)(2)(B)). He was subsequently committed to the custody of the commissioner of correction for an effective term of 96 years and then appealed. While his appeal was pending in the Supreme Court, Sinchak filed this motion to unseal with the trial court. On September 12, 1996, this court heard argument of the parties on the defendant's motion. The court denied the motion without prejudice because it was of the opinion that procedurally, the motion ought, pursuant to Rule 4183, be filed first in the Supreme Court. Thereafter, the defendant sought review of that decision. The Supreme Court granted the motion to review and ordered this court "to hold a hearing on the merits of the Motion to Unseal Exhibits for Appeal." Since the parties have previously been fully heard, they have stipulated that the motion may be submitted to us for decision based on the arguments presented at the September hearing.
 II.
Sinchak by his motion seeks an order for the unsealing of four categories of exhibits: (1) defendant's exhibits 22A through 22I for identification (search and arrest warrants); (2) court exhibit XII (witness statements and police reports); (3) court exhibit XIV (supplemental reports) and; (4) defendant's exhibit 51 for identification, which comprises the entire investigatory file of the Waterbury Police Department concerning this prosecution.
 III.
By way of background, the trial of this case involved 291 exhibits, 139 of which were full exhibits, and 22 were court exhibits. Apart from defendant's exhibit 51, the remaining exhibits which Sinchak now seeks to unseal were disclosed to him during pretrial or trial. They were sealed by the court for trial management purposes to avoid their being intermingled with the full exhibits. The parties now agree that these exhibits may be CT Page 8026 unsealed. This court will, of course, recognize the agreement of the parties and order those exhibits unsealed.
The State opposes the unsealing of defendant's exhibit 51 for identification, which, as previously noted, is the entire investigatory file of the Waterbury Police Department. During the jury trial, this file was subpoenaed by the defendant. In the absence of the jury, Sinchak requested that the court inspect it in camera for exculpatory material. When the court inquired of Sinchak his legal authority for this procedure, after giving him leave to research the issue and submit a brief, he responded that he had no case law to support his request, but relied upon the state and federal constitutions and the subpoena power. This court was not persuaded at that time by the defendant's procedure or legal authority and denied his request for an in camera inspection. The court did, however, order the assistant state's attorney prosecuting the case, upon her oath of office, to inspect these subpoenaed materials and report to the court the next day whether there were any discoverable materials, including Brady materials in the subpoenaed police file. Brady v. Maryland,373 U.S. 83 (1963). Subsequently, the prosecutor reported there were no such materials to be disclosed to the defendant from the file. Thereupon, the court ordered that file sealed for any necessary appellate review. It is this material contained in defendant's exhibit 51 that Sinchak now seeks to have unsealed in aid of his appeal.
At oral argument on September 12, 1996, this court inquired of the defendant's appellate counsel her current authority for the unsealing of the police investigatory file and how Sinchak would be prejudiced if the exhibit remained sealed. In response, the defendant gave us no persuasive authority for what we consider this appellate discovery request. The defendant indicated through counsel that the requested unsealing would facilitate both his appellate briefing and argument.
Sinchak's right to seek appellate review in the Supreme Court of the State's determination that the sealed file does not contain any discoverable material is preserved without our now unsealing defendant's exhibit 51 for identification. As pointed out by the State in its Response, Sinchak did not have a right during trial under applicable discovery rules to inspect the police department's file. Further, he has not persuaded us that he has such a right for his appeal. CT Page 8027
 IV.
The defendant's Motion to Unseal Court Exhibits for Purposes of Appeal is granted as to defendant's exhibits 22A through 22I for identification; court exhibit XII; and court exhibit XIV. The motion is denied as to defendant's exhibit 51 for identification.
An order may enter accordingly.